IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| KEVIN CHARLES WATSON, 1362699,<br>      Petitioner, | )<br>)<br>) |
| v. | )     No. 3:09-CV-2273-M |
| RICHARD THALER, Director, Texas<br>Dept. Of Criminal Justice, Correctional<br>Institutions Division,<br>      Respondent. | )<br>)<br>)<br>)<br>) |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions and Recommendation of the Magistrate Judge are as follows:

**I. Parties**

Petitioner is an inmate in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID). He brings this petition for habeas corpus relief pursuant to 28 U.S.C. § 2254. Respondent is Rick Thaler, Director of TDCJ-CID.

**II. Background**

Petitioner challenges his conviction for intoxicated assault. *State of Texas v. Kevin Charles Watson*, No. F05-50088-H (Crim. Dist. Ct. No. 1, Dallas County, Tex., Apr. 4, 2006). Petitioner was sentenced to forty years confinement. On March 5, 2007, Petitioner's conviction and sentence were affirmed on direct appeal. *Watson v. State*, No. 05-06-00590-CR (Tex. App. – Dallas). On September 12, 2007, the Texas Court of Criminal Appeals denied Petitioner's

petition for discretionary review. *Watson v. State*, PDR No. 422-07. On February 19, 2008, the Supreme Court denied Petitioner's petition for writ of certiorari. *Watson v. Texas*, 552 U.S. 1193 (2008).

On February 16, 2009, Petitioner filed a state habeas petition. *Ex parte Watson*, No. 66,414-03. On November 4, 2009, the Texas Court of Criminal Appeals denied the petition without written order on the findings of the trial court.

On November 24, 2009, Petitioner filed this federal petition for habeas relief. Petitioner argues his guilty plea was involuntary due to the ineffective assistance of counsel.

On March 24, 2010, Respondent filed a motion to dismiss arguing that the petition is barred by limitations. On April 6, 2010, Petitioner filed a response. The Court now finds the petition should be dismissed as time-barred.

## III. Discussion

### A. Statute of Limitations

Petitioner filed his § 2254 petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the AEDPA governs the present petition. *See Lindh v. Murphy*, 521 U.S. 320, 117 S. Ct. 2059, 2068, 138 L. Ed. 2d 481 (1997). The AEDPA establishes a one-year statute of limitations for federal habeas proceedings. *See* Antiterrorism and Effective Death Penalty Act, Pub.L. 104-132, 110 Stat. 1214 (1996).

In most cases, the limitations period begins to run when the judgment becomes final after

direct appeal or the time for seeking such review has expired. 28 U.S.C. § 2244(d)(1)(A).[1] This period is tolled while a properly filed motion for state post-conviction relief or other collateral review is pending. *Id.* § 2244(d)(2).

On February 19, 2008, the Supreme Court denied the petition for writ of certiorari. Petitioner's conviction therefore became final on that date. *Giesberg v. Cockrell*, 288 F.3d 268, 271 (5th Cir. 2002); *see also Roberts v. Cockrell* 319 F.3d 690, 694-95 (5th Cir. 2003) (state conviction becomes final for limitations purposes when time for seeking further direct review expires regardless of when mandate issues). Petitioner then had one year, or until February 19, 2009, to file his federal petition.

The filing of a state application for habeas corpus tolls the statute of limitations. *See* 28 U.S.C. § 2244 (d)(2). On February 16, 2009, Petitioner filed a state habeas petition. At the time

---

[1]The statute provides that the limitations period shall run from the latest of--

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

**Findings, Conclusions and Recommendation
of the United States Magistrate Judge**          Page -3-

he filed his petition, 362 days had elapsed on his limitations period. The state petition tolled the limitations period until November 4, 2009, when the Court of Criminal Appeals denied the petition. Petitioner then filed his federal petition nineteen days later, on November 24, 2009. This federal petition was filed sixteen days after the one-year limitations period expired.

**B.      Equitable Tolling**

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)). The Fifth Circuit has held that " '[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.' " *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996)). Petitioner bears the burden of proof to show he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

In this case, Petitioner argues he is entitled to equitable tolling because he is actually innocent and because he was not granted a hearing during his state habeas proceedings. These claims, however, do not entitle Petitioner to equitable tolling. Petitioner has not shown that he was misled by the state or prevented in some extraordinary way from asserting his rights. Additionally, he has not shown that he diligently pursued his habeas remedies. Petitioner waited 362 days before filing his state habeas application. *See Coleman,* 184 F.3d at 402 (stating that for equitable tolling to apply, the applicant must diligently pursue habeas corpus relief). Petitioner's

claim for equitable tolling should be denied.

**RECOMMENDATION**:

The Court recommends that the petition for a writ of habeas corpus be dismissed with prejudice as barred by the one-year limitation period. *See* 28 U.S.C. §2244(d).

Signed this 25th day of January, 2011.

_____
**PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE**

# INSTRUCTIONS FOR SERVICE AND
# NOTICE OF RIGHT TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).